## H. H. BUFFENMEYER v. JAMES BOWERS.

**Vendor's Lien.**

> Where in a conveyance of real estate the deed states the amount of the purchase money remaining unpaid the vendor has a lien upon such land for the unpaid purchase money, and the acceptance of a note for the amount is not a waiver of the lien.

### APPEAL FROM LAWRENCE CIRCUIT COURT.

September 19, 1876.

OPINION BY JUDGE LINDSAY:

The evidence leaves no doubt that the note sued on represents part of the purchase price of the land sold and conveyed by Bowers to Montgomery. The conveyance set out correctly the amount of purchase money remaining unpaid, and a lien by virtue of law existed upon the land to secure the payment of said price. This lien was neither destroyed nor lost by the execution of the one thousand dollar note to evidence the fact that that amount still remained unpaid.

It may be that if Bowers, by surrendering the three notes described in the deed, and accepting the note sued on, had thereby enabled Montgomery to practice a deception upon Buffenmeyer, and to induce him to believe that the purchase price had all been paid, equity would estop him to assert his lien as against Buffenmeyer. But the latter does not aver in his answer that any such deception was practised upon him, nor that he bought from Montgomery under the impression that Bowers's lien had been removed or waived. It is neither averred nor proved that appellant knew at the time of his purchase that the three notes described in the deed were in the possession of Montgomery, much less that he acted upon such knowledge. If appellant desired that Waller should be made a party to this action in order that a perfect title to the land might be offered for sale, he should have asked the court to compel the appellee to make him a party. It is too late now to raise this question.

Judgment *affirmed*.

*Muir, Bijou & Davie, for appellant.*

*James E. Stuart, for appellee.*